UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____-Civ-_____

HEATHERLEE FINN,

    Plaintiff,

v.

KENT SECURITY SERVICES, INC.

    Defendant.
_____/

## COMPLAINT

1. The Plaintiff, Heatherlee Finn, sues Defendant, Kent Security Services, Inc., for violating Title VII and the Florida Civil Rights Act. The Defendant in this case, a 20+-year-old for-profit corporation with more than 1,000 employees, charged the Plaintiff with implementing a company-wide policy in violation of the anti-discrimination provisions of Title VII of the Civil Rights Act and the Florida Civil Rights Act. Specifically, Defendant asked that she exercise hiring and placement procedures that had an unfavorable impact upon workers and potential employees based on their skin color, race, national origin and/or gender. Moved with concern for those affected by Defendant's discriminatory actions, the Plaintiff complained internally and requested that the company immediately remedy the problem. Exacerbated by Defendant's inaction, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission

(EEOC), which accepted the charge as being dually filed with the Florida Commission on Human Relations.  The EEOC issued a "cause" finding as to the illegality of Defendant's policies.  Plaintiff files the instant action, among other things, to obtain declaratory relief and compensatory damages necessitated by Defendant's conduct, and to facilitate notice to all persons potentially affected by Defendant's illegal employment practices.

2.  The underlying facts for both the Title VII and the Florida Civil Rights Act claims are the same.

3.  The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 over the Title VII claim, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Florida Civil Rights Act claim.

4.  Venue is appropriate in the Ft. Lauderdale Division of the Southern District of Florida, because Defendant regularly conducts business in Broward County, Florida.

5.  Plaintiff was an employee of Defendant.

6.  Defendant is an employer.

7.  Defendant employs more than 15 employees.

8.  Defendant operates a security company in Florida, Texas and New York.

9.  Defendant places security guards at its customers' chosen locations.

10.  Defendant has at all times been obligated to follow Title VII and the Florida Civil Rights Act.

11. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) claiming that Defendant violated Title VII of the Civil Rights Act of 1964.

12. Defendant responded to the EEOC in regards to Plaintiff's Charge of Discrimination.

13. Defendant, through its employees, communicated with the EEOC in regards to Plaintiff's charge of discrimination.

14. Plaintiff received her right to sue Defendant from the EEOC on December 18, 2012.

15. The EEOC has a work share agreement with the Florida Commission on Human Relations (FCHR).

16. Plaintiff's charge of discrimination against Defendant was dually filed with the EEOC and FCHR.

17. On June 30, 2008 Defendant honored the request of one of its customers in violation of Title VII.

18. On February 28, 2011 Defendant honored the request of one of its customers in violation of Title VII.

19. Prior to November 13, 2012 Defendant did not have a written policy to report a client that requests Defendant to engage in unlawful discrimination and not engage in discrimination.

20. Defendant is a contract security guard company that provides personnel to various clients nationwide.

21. It is a violation of Title VII and the Florida Civil Rights Act to accommodate a client's request to place a security guard based upon sex, race or color.

22. Prior to 2012 Defendant accommodated more than one of its clients' requests to place a security guard on the basis of sex, race or color.

23. Plaintiff objected to Defendant's practice of accommodating its clients' requests to place a security guard on the basis of sex, race or color.

24. Plaintiff was harassed and retaliated because of her objection to the illegal practice.

25. The terms and conditions of Plaintiff's job were changed as a result of Defendant's discriminatory practices.

26. Plaintiff has an interest in assuring that Title VII and the FCRA are not violated.

27. Plaintiff has an interest in not being a conduit for the civil rights violations of Defendant.

28. Plaintiff has an interest in obtaining a judgment and a declaration of rights.

29. The classes of individuals who were adversely affected by Defendant's illegal practices would benefit from a judicial declaration that Defendant violated their civil rights.

30. Two or more female security guards did not get hired by Defendant because of Defendant's accommodation of clients' gender preferences.

31. Two or more black security guards did not get hired by Defendant because of Defendant's accommodation of clients' racial and/or color preferences.

32. Two or more female security guards of Defendant were limited in their employment with Defendant because of Defendant's practices.

33. Two or more black security guards of Defendant were limited in their employment with Defendant because of Defendant's practices.

34. The EEOC has failed, refused and/or neglected to notify affected employees and applicants of Defendant of their right to join Plaintiff's charge of discrimination, to file their own charge and that Defendant honored the request of customers in violation of Title VII of the Civil Rights Act of 1964, as amended.

35. Defendant's policy of accommodating its clients' requests of placing security guards on account of protected immutable characteristics disparately impacted employees and applicants on the basis of their sex, color and/or race.

36. Defendant's policy of accommodating clients' requests that were clearly in violation of Title VII and its expectations of Plaintiff has caused damage to Plaintiff.

37. Defendant had a rule that "what the customer wants the customer gets."

38. Plaintiff objected to Defendant's illegal practices.

39. Plaintiff has suffered damages as a result of Defendant's practices.

40. Plaintiff is a person aggrieved by Defendant's practice prior to November 13, 2012 that is best stated as: "What the customer wants the customer gets."

41. Plaintiff is a person aggrieved by Defendant's practice that the EEOC determined violated Title VII via the Letter of Determination dated September 25, 2012 for EEOC Charge Number 510-2009-01004.

42. Working in a workplace that does not include accommodating clients' racial and gender preferences is non-negotiable.

43. An employer that encourages an employee to accommodate the racial and gender preferences of its clients materially changes the terms and conditions of the employee's employment.

44. It is a violation of Title VII to place a security guard at a location on the basis of his/her race and/or sex.

45. It is a violation of the Florida Civil Rights Act to place a security guard at a location on the basis of his/her race and/or sex.

### Count I – Title VII

46. Plaintiff reincorporates paragraphs 1 through 41 as if fully stated herein.

47. Plaintiff filed a charge on behalf of herself and on behalf of others aggrieved within 300 days of practice, policy and/or procedure of accommodating the racial and sexual preferences of clients.

48. Defendant continued to violate Title VII after Plaintiff's charge.

49. The EEOC notified Plaintiff of her right to sue pursuant to 42 U.S.C. § 2000e-5(f)(1) on December 18, 2012.

50. Plaintiff sues Defendant within 90 days of being notified of her right to sue Defendant.

51. The Honorable Court has jurisdiction to declare the rights of Plaintiff pursuant to 28 U.S.C. §§ 2201-02.

52. The EEOC has kept Charge Number 510-2009-01004.

53. Any applicant, employee or former employee adversely affected by Defendant's policy as of 300 days before Plaintiff's charge of discrimination in EEOC Charge Number 510-2009-01004 may file suit against Defendant.

Wherefore, Plaintiff demands trial by jury, a declaration that affected employees, applicants and former employees have a right to sue Defendant as long as they have suffered a harm from 300 days prior to Plaintiff's charge with the EEOC to present, compensatory damages, attorneys' fees, costs and judgment.

### Count II – Florida Civil Rights Act

54. Plaintiff reincorporates paragraphs 1 through 45 as if fully stated herein.

55. Defendant had a policy of segregating or classifying employees and applicants in a way which deprived or tended to deprive the individual of employment opportunities.

7

56. Defendant violated Fla. Stat. § 760.10(1)(b).

57. Defendant is an employer as defined by Fla. Stat. § 760.02(7).

58. At all material times Defendant employed Plaintiff.

59. At all material times Defendant has employed in excess of 15 employees.

60. Plaintiff is a person as defined by Fla. Stat. § 760.02(6).

61. Plaintiff dually filed complaint with the FCHR and EEOC on November 25, 2008.

62. Plaintiff is an aggrieved person as defined by Fla. Stat. § 760.02(10).

63. Defendant engaged in a discriminatory practice as defined by Fla. Stat. § 760.02(4).

64. Plaintiff filed a charge of discrimination against Defendant within 365 days of being subjected to discriminatory practice.

65. Plaintiff has been subjected to discriminatory practice by Defendant within the past four years.

Wherefore, Plaintiff demands trial by jury, judgment that Defendant violated the Florida Civil Rights Act, compensatory damages, attorneys' fees and costs.

Respectfully submitted this 18th day of March 2013,

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Richard B. Celler
Florida Bar Number 173370
Morgan & Morgan
600 N Pine Island Rd Ste 400
Plantation, FL 33324
Telephone – (954) 318-0268
Facsimile – (954) 333-351
Email – BMazaheri@forthepeople.com
Attorney for Plaintiff